**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS**

| | |
|---|---|
| **REBECCA SORTER,** )<br>)<br>   **Plaintiff,**  )<br>)<br>v.                                                                  )  **Case No. 07-1401-MLB-DWB**<br>)<br>**RICARDO ALVARADO,**  )<br>)<br>   **Defendant.**  )<br>_____)| |

**ORDER FOR INSPECTION AND REPRODUCTION
OF MEDICAL AND/OR MENTAL HEALTH RECORDS AND FOR DISCLOSURE
OF PROTECTED HEALTH INFORMATION PURSUANT TO STATE AND FEDERAL
LAW (HIPAA); NOTIFICATION OF WAIVER OF PHYSICIAN-PATIENT
PRIVILEGE AND QUALIFIED PROTECTIVE ORDER**

TO:  **All Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Educators, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal); All Other Medical Institutions, Practitioners, Health Care Providers, Past and Present**

You are hereby authorized pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA), to make available for examination and reproduction by the parties and their undersigned counsel denominated in this lawsuit **any and all** medical or mental health records of any type or nature whatsoever and/or any protected health information within your care, custody, or in any manner concerning**, Rebecca Sorter: D/O/B: xx/xx/1974; SSN: xxx-xx-2865.**

**Medical documents and protected health information subject to this order include but are not limited to the entire medical chart <u>cover to cover</u> (including but not limited to any and all medical and mental health records from any source) and any and all correspondence); radiological and ultrasound studies; physical and occupational therapy records and evaluations; diagnostic studies; pathological tissue and slides; social services**

1

**records; monitoring strips of any kind; billing and payment records; prescriptions; test results and raw testing data; any and all records related to HIV testing, HIV status, AIDS or sexually transmitted diseases; any and all records related to the diagnosis and treatment of mental, alcoholic, drug dependency, or emotional condition; psychiatric and psychotherapy notes, <u>provided however, that this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2</u>.**

Unless specifically excluded by this Order, all medical and mental health records and protected health information, including psychiatric records, in your possession regarding the person noted above shall be produced.

**You are further notified, pursuant to federal and state law, that all undersigned counsel of record are hereby authorized and permitted to meet with or speak to Rebecca Sorter's treating physicians or other health care providers, without counsel or the parties, including the plaintiff, being present or participating, provided the health care provider consents to the interview.  This is based on the Court's finding that the plaintiff has made a claim alleging personal injury, and in filing this lawsuit has waived any privilege existing between the patient and health care provider.  Although this Order <u>authorizes and permits</u> all health care providers of <u>Rebecca Sorter</u> to grant informal interviews, the Order does not <u>require</u> a health care provider to meet or speak with any attorney in this proceeding.  A physician or other health care provider has a right to decline an attorney's request to speak or meet with the physician or other health care provider informally.**

Said inspection and reproduction may be requested by any attorney of record herein as set forth below, and all clerical fees and expenses shall be paid by the attorney requesting such examination, reproduction or interview.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164.  This Order further allows the disclosure of information regarding diagnosis of, treatment for and general status relating to HIV and AIDS pursuant to K.S.A. 65-5601 to 5605.

This Court further enters a **qualified protective order** consistent with 45 C.F.R. 164.512(e)(1).  Specifically, the parties are prohibited from using or disclosing the protected health information of **Rebecca Sorter** for any purpose other than this litigation.  Further, the parties agree to return to the covered entity or destroy the protected health information (including all copies made) at the end of this litigation.

This Order shall be effective throughout the pendency of this action.

Dated this 3RD day of March, 2008.

    s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE